PER CURIAM.
Michael Cajuste appeals his convictions for first degree murder, attempted murder, and attempted armed robbery.
We conclude that the trial court’s rulings on voir dire questions were within the court’s discretion, as was the court’s refusal to grant additional peremptory challenges. See Hooper v. State, 476 So.2d 1253, 1256 (Fla.1985); Parker v. State, 456 So.2d 436, 442 (Fla.1984).
We conclude that there was no impermissible shifting of the burden of proof. See Caballero v. State, 851 So.2d 655, 660 (Fla.2003); Evans v. State, 838 So.2d 1090, 1094-95 (Fla.2002) cert. denied, — U.S. -, 124 S.Ct. 121, 157 L.Ed.2d 84 (2003). The evidentiary rulings were within the court’s discretion. To the extent it could be said that the prosecutor argued that defendant-appellant Cajuste was fleeing from the scene of the crime, this was a fair comment on the evidence and was not objected to at trial.
Affirmed.